No. 276

WATKINS v. EASTLAND CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 901.   Decided Feb. 10, 1925.

329.  COVENANTS—Those pertaining to putting in of water mains and laying of sidewalks are independent, and do not warrant an action for recovery of money based upon the recission of a land contract.

FUNK, P J.

Watkins filed his petition in the Summit Common Pleas in the nature of an action at law, to recover back $519.19 from the Eastland Company No. 5, which had been paid to him on a land contract as part of the purchase price for a lot in an allotment laid out by the company. A demurrer to the petition was sustained. Judgment was rendered upon the pleadings at this point, in favor of the company.

Error was prosecuted to the Court of Appeals. The sole question for determination being whether or not the petition states facts sufficient to constitute a cause of action. In other words, does the company's failure to construct water mains and lay sidewalks as provided in the contract, entitle Watkins to the right to rescind the contract and sue for recovery of the amount paid? The Court of Appeals held:

1. If the right to rescind the contract existed, which would give Watkins a cause of action, the covenants would have to be dependant on each other. Independent covenants give the party the right to sue for damages onyl.

2. As to whether or not a covenant is dependent or independent, depends upon the intention of the parties, as shown by the entire contract, as construed in the light of the circumstances of the case, the nature of the contract and other evidence which is admissible to aid the court in ascertaining the intention of the parties, citing 1 Ohio 330 and other authorities.

3. Covenants pertaining to water, sewers and sidewalks are independent covenants, such as would not entitle Watkins to rescind the contract and sue for the recovery of the part of the purchase price already paid, but his remedy is an action for damages for failure to

perform the covenants as agreed. Judgment trial court affirmed.

Attorneys—John McItnosh for Watkins; Harter, Walker & Watters, for Com-l of Akron.